1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11

12   ANTONIO ORTIZ,                              CASE NO. 13cv0060-GPC-BLM

13                              Plaintiff,       **ORDER REMANDING CASE
                                                 TO STATE COURT AND
14        vs.                                    DENYING AS MOOT
                                                 DEFENDANT'S MOTION TO
15                                               DISMISS**

16   WELLS FARGO BANK, N.A., et al. ,            [ECF NOs. 3,4]

17                              Defendants.

18

19        On November 29, 2012, Plaintiff filed a complaint in San Diego Superior Court

20   regarding the foreclosure of their home against Wells Fargo Bank and Cal Western

21   Reconveyance.   Plaintiff asserted three causes of action under California law:

22   negligence, negligent interference with prospective economic advantage, and violation

23   of the business and professions code section 17200. ECF No. 1, Exhibit A. On January

24   9, 2013, Defendant Wells Fargo removed the action to federal district court asserting

25   diversity jurisdiction.  ECF No. 1.  January 16, 2013, Defendants filed a motion to

26   dismiss.  ECF No. 3.  On September 18, 2012, Plaintiff filed a motion to remand the

27   case to state court.  ECF 4.  Based on the reasoning below, the Court **GRANTS**

28   Plaintiff's motion to remand the case to state court and **DISMISSES** Defendant's

1  motion to dismiss as moot.

2  **DISCUSSION**

3      "Except as otherwise expressly provided by Act of Congress, any civil action

4  brought in a State court of which the district courts of the United States have

5  original jurisdiction, may be removed by the defendant or the defendants, to the

6  district court of the United States for the district and division embracing the place

7  where such action is pending." 28 U.S.C. § 1441(a).  "District courts...have original

8  jurisdiction of all civil actions where the matter in controversy exceeds the sum or

9  value of $75,000" and where all parties to the action are "citizens of different

10 states." 28 U.S.C. § 1332(a).  "If at any time before final judgment, it appears that

11 the district court lacks subject matter jurisdiction, the case shall be remanded." 28

12 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against

13 removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992)

14 (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any

15 doubt as to the right of removal in the first instance." Id. (citation omitted). "The

16 'strong presumption' against removal jurisdiction means that the defendant always

17 has the burden of establishing that removal is proper." Id.; see also Abrego Abrego

18 v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir.2006). Removal jurisdiction may

19 be based on diversity of citizenship or on the existence of a federal question. 28

20 U.S.C. § 1441.

21     This case arises from the alleged wrongful foreclosure of Plaintiff's home.

22 Defendant Wells Fargo Bank, N.A., removed the action on the basis of diversity

23 jurisdiction.  For complete diversity to be present, all plaintiffs must have

24 citizenship different from all defendants.  See Caterpillar Inc. V. Lewis, 519 U.S.

25 61, 68 n.3 (1996).  It is undisputed that Plaintiff is a citizen of California.  It is also

26 undisputed that Defendant Wells Fargo Bank, N.A. has its main office in South

27 Dakota, and therefore is a citizen of that state.  See Wachovia Bank v. Schmidt, 546

28 U.S. 303, 307 (2006) (holding that a national bank "is a citizen of the State in which

1   its main office, as set forth in its articles of association, is located").  Plaintiff does

2   not contest that Wells Fargo Bank is a citizen of South Dakota.  In the motion to

3   remand, Plaintiff contends that both Plaintiff and Defendant are citizens of

4   California and therefore Defendant improperly removed the case on the basis of

5   diversity of citizenship. ECF No. 4 at 4. As such, Plaintiff seeks remand to state

6   court due to lack of subject matter jurisdiction. Id.  Neither Plaintiff nor Defendant

7   contest the amount in controversy, which exceeds $75,000.

8          The question before the Court is whether, for the purposes of diversity

9   jurisdiction, Wells Fargo is *also* a citizen of California.[1] See, e.g., <u>Uriarte v. Wells

10  Fargo Bank, N.A.</u>, 2011 U.S. Dist. LEXIS 127497 at *9 (S.D. Cal. Nov. 3, 2011)

11  (holding that Wells Fargo is also a citizen of California, where it has its principal

12  place of business). *But see* <u>Flores v. Wells Fargo Bank, N.A.</u> 2012 US. Dist. LEXIS

13  32648 (N.D. Cal. March 12, 2012) (finding that Wells Fargo is only a citizen of the

14  state of their main office, South Dakota, and not also of the state of their principal

15  place of business, California.)  "All national banking associations shall, for the

16  purposes of all other actions by or against them, be deemed citizens of the States in

17  which they are respectively located." 28 U.S.C. § 1348.  While the Supreme Court

18  held in <u>Schmidt</u> that a national bank is a citizen of the state in which it main office

19  is located, it did not answer the question as to whether a bank is also "located" in,

20  and therefore a citizen of, the state of principal place of business. <u>Schmidt</u>, 546 U.S.

21  303, 307 (2006).  The Court addresses that question here.

22         Defendant Wells Fargo asks this Court to adopt a narrow interpretation of the

23  Supreme Court decision in <u>Wachovia Bank, N.A. v. Schmidt</u>, and find that a

24  national banking association is a citizen *only* of the state in which it has designated

25  its main office. <u>Schmidt</u>, 546 U.S. 303, 307 (2006).  Wells Fargo relies on the

26  Eighth Circuit decision in <u>Wells Fargo Bank, N.A. v. WMR e-PIN, LLC</u> and other

27

28         [1] Wells Fargo does not contest that its principal place of business is in San Francisco, California.

district court opinions which reject the principal place of business test for purposes of diversity jurisdiction in §1348.  Defendant further asserts that <u>American Surety</u>, a Ninth Circuit decision that utilized the principal place of business test to interpret § 1348, is no longer good law and has been held to be inconsistent with the Supreme Court decision in <u>Schmidt</u>. *See* <u>American Surety Co. v. Bank of California</u>, 133 F.2d 160, 162 (9th Cir.1943).  Defendant also attacks previous First and Fifth Circuit decisions that have held the principal place of business test may be applied to national banks.  <u>Horton v. Bank One</u>, N.A., 387 F.3d 426, 436 (5th Cir.2004); <u>Firstar Bank, N.A. v. Faul</u>, 253 F.3d 982, 994 (7th Cir.2001).

In its motion to remand, Plaintiff contests removal based on lack of diversity of citizenship.  Plaintiff asserts that Defendant Wells Fargo is also a citizen of California because the Supreme Court in <u>Schmidt</u> declined to hold that a national banking association's citizenship is limited to the state in which its main office is located.  ECF No. 4 at 5.  As Defendant Wells Fargo's principal place of business is in San Francisco, California, Plaintiff contends that diversity of citizenship is destroyed, and the Court lacks subject matter jurisdiction. <u>Id</u>.

The Supreme Court analysis in <u>Schmidt</u> rejected an approach that would consider a national banking association a citizen of every state in which it maintains a branch. <u>Schmidt</u>, 546 U.S. 307 (2006).  Rather, for the purposes of § 1348, a "national bank...is a citizen of the State in which its main office, as set forth in its articles of association, is located."  <u>Id</u>.  The Supreme Court recognized the controlling context of the word "located" in § 1348 as having "no enduring rigidity."  <u>Id</u>. at 314 (quoting <u>Citizens & Southern Nat. Bank v. Bougas</u>, 434 U.S. 35 (1977)).  In reaching its' decision, the Court refused to address the question of whether principal place of business applied to § 1348. <u>Id</u>. at 315 n.8 ("Other readings mentioned in Court of Appeals opinions are the bank's principal place of business and the place listed in the bank's organization certificate.  Because this issue is not presented by the parties or necessary to today's decision, we express no

opinion on it").   Furthermore, the Court contemplated the idea that to reconcile 28 U.S.C. § 1348, governing national banks, and 28 U.S.C. § 1332 (c)(1), governing corporations, that a national bank might have to be considered a citizen of the state in which its main office is located *and* the state of its principal place of business. Id. at 317 n.9 ("To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the state of its principal place of business." (citations omitted)).

As the Supreme Court did not determine whether a national bank could also be a citizen where it has its principal place of business, the appellate and district courts have taken two different approaches on the issue.  On one hand, the Eighth Circuit and other district courts have held that "located" should be read narrowly to only include the place where the bank has its' main office. *See, e.g.* Wells Fargo Bank, N.A. v. WMR e-PIN , LLC, 653 F.3d 702, 710 (8th Cir. Sept. 2, 2011) ("We reject appellants' claim that Wells Fargo is a citizen of both South Dakota and California..."); Kasramehr v. Wells Fargo Bank N.A., No. CV 11-0551, 2011 U.S. Dist. LEXIS 52930, at *6 (C.D. Cal. May 17, 2011)(concluding that under § 1348, "a national banking association is a citizen of the state of its main office as designated in its articles of association, and not also a citizen of the state of its principal place of business").[2]  On the other hand, several district courts continue to affirm the decisions made by the Fifth and Seventh Circuits, which concluded that a national bank is a citizen of both the state in which its main office is located and the state of its principal place of business. *See* Horton v. Bank One, N.A., 387 F.3d 426, 436 (5th Cir. 2004) ("We hold that the definition of 'located' is limited to the

---

[2] A number of district courts in California have embraced this approach post-Schmidt. *See, e.g.*, Silva v. Wells Fargo Bank N.A., 2011 U.S. Dist. LEXIS 64636, 2011 WL 2437514 (C.D. Cal. June 16, 2011); Tse v. Welss Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 6796 (N.D. Cal. Jan. 19, 2011); Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1027-28 (N.D. Cal. 2010); Cal. ex rel. Bates v. Mortg. Elec. Registration Sys., Inc., No., 2010 U.S. Dist. LEXIS 81650 (E.D. Cal. July 21, 2010); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010); Peralta v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 112387 (N.D. Cal. Nov. 16, 2009).

national bank's principal place of business and the state listed in its organization certificate and its articles of association"); Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001) ("[W]e hold that for purposes of 28 U.S.C. § 1348 a national bank is 'located' in, and thus a citizen of, the state of its principal place of business and the state listed in its organization certificate.") Although these decisions were made prior to Schmidt, numerous district courts have followed this approach, finding Firstar and Horton persuasive.  *See, e.g.*, Uriarte v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. Nov. 3, 2011) at *8 ("the Court believes the approach advanced by the Fifth and Seventh Circuits, as well as by Judge Murphy's dissent in WMR, is more consistent with § 1348's legislative history and the Supreme Court's decision in Wachovia v. Schmidt"); Bickoff v. Wells Fargo Bank, N.A., et al. 2013 U.S. Dist. LEXIS 2293 (S.D. Cal. January 4, 2013) at *14 (finding "a national banking association is a citizen of both a state where it has its main office and the state of its principal place of business").[3]  Wells Fargo argues that the some district court judges have recently reversed their own decisions, and now hold that the national banks are only citizens of the state in which they have the main office.  (Citing Kasramehr, 2011 U.S. Dist. LEXIS 52930 (C.D. Cal. May 17, 2011); Mireles v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 3871 (C.D. Cal. 2012).  The Court finds this argument unconvincing.  While the Court acknowledges there remains a split of opinion on the issue, the fact remains that district courts continue to follow the Horton and Firstar approach articulated by the Fifth and Seventh Circuit, especially in the Southern District of California where judges have recently affirmed the finding that a national bank is also a citizen of the

---

[3]*See also* Inyang v. Resmae Morg. Corp., 2012 U.S. Dist. LEXIS 181975 (C.D. Cal. Dec. 26, 2012); Haqq-Ali v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 124502 (C.D. Cal. Aug. 31, 2012); Brew v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 6796 (E.D. Cal. Jan. 19, 2012); Guinto v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 114986 (E.D. Cal. Oct. 5, 2011); Stewart v. Wachovia Mortg. Corp., 2011 U.S. Dist. LEXIS 85822 (C.D. Cal. Aug. 2, 2011); Goodman v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 63165 (C.D. Cal. June 1, 2011); Gutterman v. Wachovia Mortg., 2011 U.S. Dist. LEXIS 74521 (C.D. Cal. Mar. 31, 2011); Saberi v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS 5286 (S.D. Cal. Jan. 20, 2011); Mount et al. v. Wells Fargo Bank, N.A., 2008 U.S. Dist. LEXIS 98193 (C.D. Cal. Nov. 24, 2008).

state of its principal place of business.  <u>Bickoff</u>, 2013 U.S. Dist. LEXIS 2293; *See also* <u>Taheny v. Wells Fargo Bank, N.A.</u>, 2012 U.S. Dist. LEXIS 47195, at *1 n.1 (E.D. Cal. Apr. 3, 2012) (listing conflicting decisions issued by district courts within the Ninth Circuit).

Wells Fargo's contention that the Ninth Circuit decision in <u>American Surety</u> is contrary to the Supreme Court decision in <u>Schmidt</u> was most recently addressed by Judge Karlton in the Eastern District of California.  In it's motion to remove, Defendant Wells Fargo Bank argues that "<u>American Surety</u> and <u>Schmidt</u> both held for single, but different standards for citizenship.  Using the principal place of business test to the exclusion of the main office as <u>American Surety</u> did is simply irreconcilable with <u>Schmidt</u>." (Dkt. No. 1 at 7.)  As explained by Judge Karlton, <u>American Surety</u> identified a different possibility for citizenship, without excluding the other possibility as articulated by the Supreme Court in <u>Schmidt</u>, and both possibilities for citizenship are not in conflict. <u>Taheny v. Wells Fargo Bank, N.A.</u>, 878 F. Supp. 2d 1093, 1100 (E.D. Cal. April 3, 2012); *See also* <u>Guinto v. Wells Fargo Bank</u>, 2011 U.S. Dist. LEXIS 114986 (E.D. Cal. Oct. 4, 2011)(finding that <u>American Surety</u> is binding, Ninth Circuit authority holding that a national bank is a citizen of the state where it has its principal place of business.) This Court agrees that the Ninth Circuit decision in <u>American Surety</u> remains binding authority.

The remainder of Wells Fargo's arguments have been addressed previously by other district courts, and are otherwise unconvincing.

## CONCLUSION

For the foregoing reasons, the Court finds a national banking association is a citizen of both the state where it has its main office and the state of its principal place of business.  Accordingly, as applied to this case, Wells Fargo is a citizen of California.  Because complete diversity is lacking the Court hereby **REMANDS** this action to the San Diego County Superior Court and **DISMISSES** Wells Fargo's motion to dismiss as moot.  The motion hearing set for Friday, April 26, 2013 is

hereby **VACATED**.

**DATED:  April 19, 2013**

**HON. GONZALO P. CURIEL**
**United States District Judge**